

1  Larry Prunty
   CDC# V-86405
2  P.O.Box 5002
   Calipatria, CA 92233
3  Petitioner In Propria Persona

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LARRY PRUNTY                    )   Case No. CV 08          2070
                                    )
12                 Petitioner,      )
                                    )   REQUEST TO STAY HABEAS CORPUS
13         v.                       )   PROCEEDINGS WHILE PETITIONER MMC
                                    )   FINISHES EXHAUSTING STATE
14  LARRY SCRIBNER, Warden,         )   REMEDIES
                                    )              (PR)
15                 Respondent.      )

16      Petitioner respectfully requests that this Court stay claims

17  three and four (pp. 32-40) of the instant petition while Petitioner

18  finishes exhausting claims one and two (pp. 1-31) in the state

19  courts. (See Rhines v. Weber, (2005) 544 U.S. 269; Pace v. Digug-

20  lielmo, (2005) 544 U.S. 408, 416.)

21      This Request is based upon the attached Memorandum of Points

22  and Authorities, and the papers and files of the case.

23                                  Respectfully submitted,

24
    Dated: March 8, 08
25
                                    Larry Prunty
26                                  Petitioner In Propria Persona

27

28

                                    1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

**THE DISTRICT COURT SHOULD STAY PETITIONER'S EXHAUSTED CLAIMS (3 & 4) WHILE HE EXHAUSTS THE UNEXHAUSTED CLAIMS (1 & 2) IN THE STATE COURTS**

A district court will dismiss a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. In Rose v. Lundy,[1] the United States Supreme Court spoke directly to state prisoners on this point: "before you bring any claims to federal court, be sure that you first have taken each one to state court."[2] However, when faced with a "mixed" petition, that is, a petition with both exhausted and unexhausted claims, a district court may stay and abey the exhausted claims while the Petitioner diligently exhausts the unexhausted claims in state court. See Rhines v. Weber.[3] This procedure is not uncommon, and is used most commonly by prisoners trying to "protect" their exhausted claims from statutory time limitations. See Pace v. Diguglielmo.[4]

Here, Petitioner has filed the instant Petition to protect his already exhausted claims. Claims Three and Four (pages 32-40) were exhausted on direct appeal (see Federal Habeas Petition, Exhibit A for copy of petition for review to California Supreme Court); but Claims One and Two (pages 1-31) have not been exhaus-

---

1. (1982) 455 U.S. 509  102 S.Ct 1198  71 L.Ed.2d 379.
2. Id. at 520.
3. (2005) 544 U.S. 269  125 S.Ct 1528  161 L.Ed.2d 440.
4. (2005) 544 U.S. 408, 416  161 L.Ed.2d 669  125 S.Ct 1807.

///

2

1  ted, in that appellate counsel failed to raise these claims on dir-
2  ect appeal, and are being raised for the first time in Sacramento
3  County Superior Court by way of petition for writ of habeas corpus.
4  (See attached state habeas petition, pages 1-31 for unexhausted
5  claims.)

6      That Petitioner felt it necessary to protect claims Three and
7  Four in the instant Petition is the result of the Antiterrorism-
8  and-Effective-Death-Penalty-Act's-one-year statute of limitations.[5]
9  The California Supreme Court denied direct review in Petitioner's
10  case on December 20, 2006 (see Federal Petition, Appendix B), be-
11  cause no writ of certiori was filed, that decision became final
12  90 days later on March 20, 2007 (see Bowen v. Roe);[6] thus, under
13  the statute of limitations, Petitioner has until March 20, 2008 to
14  file a federal petition in this Court. See Patterson v. Stewart.[7]

15      Accordingly, to make sure that Claims Three and Four are not
16  procedurally barred, Petitioner finds it necessary to file the
17  instant Petition in this Court before the one-year statute of limi-
18  tations is up, and request that this Court stay Claims Three and
19  Four in abeyance wile Petitioner diligently exhausts Claims One
20  and Two in state courts. Respectively, Petitioner mailed the atta-
21  ched state Petition to the Sacramento Superior Court on the same
22  day he mailed the instant Petition to this Court. (See state peti-
23  tion, page 32, proof of service.) If the Superior Court denies the

25  5. 28 U.S.C. § 2244(d)(1)(A).
26  6. 188 F.3d 1157, 1158-59 (9th Cir. 1999).
27  7. 251 F.3d 1243 (9th Cir. 2001).
28  ///

3

1  state petition, Petitioner will file that petition in the court of
2  appeals within 30 days of the superior court's judgment; and, if
3  the court of appeals also denies the state petition, Petitioner
4  will file that petition in the California Supreme Court within 30
5  days of that judgement; and, once the supreme court denies review,
6  Petitioner will file a perfected federal petition in this Court
7  within 30 days of that judgment.
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

1                              **CONCLUSION**

2          Petitioner respectfully requests that this Court stay habeas

3     corpus proceedings (Claims Three and Four) while Petitioner dili-

4     gently exhausts Claims One and Two in the state courts.

5     ///

6     ///

7     ///

8     ///

9     ///

10    ///

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22

23

24

25

26

27

28